**Miroslaw DUDEK, Petitioner,**

v.

**John D. ASHCROFT, Respondent.**

No. 03–3689.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 4, 2004.

Decided Aug. 18, 2004.

Richard H. Trais, Chicago, IL, for Petitioner.

George P. Katsivalis, Department of Homeland Security, Office of the District Counsel, Chicago, IL, Keith I. Bernstein, Jennifer J. Keeney, Department of Justice, Washington, DC, for Respondent.

Before FLAUM, Chief Judge, BAUER, and SYKES, Circuit Judges.

## ORDER

Miroslaw Dudek, a native and citizen of Poland, petitions for review of an order of the Board of Immigration Appeals summarily affirming the Immigration Judge's denial of his motion to reopen. Dudek had been granted voluntary departure in lieu of deportation in 1991, but remained in the United States. In 2001 Dudek moved to reopen the deportation order, arguing that he was prima facie eligible to adjust his status based on his marriage to a United States citizen. The IJ denied the motion for four independent reasons, but Dudek challenged only one of those reasons to the BIA. Because Dudek has failed to exhaust his administrative remedies with regard to the IJ's remaining findings, we deny the petition for review.

Dudek entered the United States on a tourist visa in September 1988. He overstayed his visa and the INS instituted deportation proceedings against him. He applied for asylum, but in January 1991 an IJ denied Dudek's application for asylum, withholding of deportation, and granted him until July 1991 to depart voluntarily. Dudek did not appeal that decision and also did not depart the United States. In August 1997 he married Irena Baranowska–Dudek, a United States citizen.

In April 2001, Dudek filed a joint motion for a stay and to reopen the IJ's order of January 1991 denying his asylum claim and granting him voluntary departure. The motion stated that Dudek had married a United States citizen in August 1997. It also stated that "[a]n application for adjustment of status was filed at Chicago and when they appeared for the interview, Mr. Dudek was taken into custody." According to the motion, he was released on his own recognizance, but "a bag and baggage letter [was] issued for April 26, 2001."

Dudek requested relief under two statutory provisions: (1) the Legal Immigration Family Equity Act ("LIFE Act"), 8 U.S.C. § 1255(i); and (2) the Nicaraguan and Central American Relief Act of 1997 ("NACARA"), Pub.L. 105–100, 111 Stat. 2193 (1998). The LIFE Act allows an alien to apply for adjustment of status to that of a lawful permanent resident "if the applicant is eligible to receive an immigrant visa and an immigrant visa is immediately available at the time of filing of the application." 8 C.F.R. § 245.1(a). Under NACARA, an alien is eligible for suspension of deportation if (1) he has been in the United States for seven years; (2) he "proves that during all of such period he was and is a person of good moral character"; and (3) his deportation would "result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1254(a)(1) (repealed 1996). With his motion, Dudek submitted an affidavit stating that he was married on August 23, 1997; that his wife is a United States citizen; and that in 1995 they purchased a home in Chicago.

The INS opposed the motion, arguing that Dudek "failed to submit any documentary evidence in support of his claims and thus has failed to show prima facie eligibil-

ity for the relief he seeks." It also argued that the IJ should consider Dudek's failure to depart in 1991 under the terms of his voluntary departure order as a "significant negative discretionary factor."

On June 6, 2001, six weeks after Dudek filed his motion to reopen, the INS approved the relative immigrant visa petition that Dudek's wife had filed on his behalf. Dudek did not inform the IJ that the petition had been approved.

On August 12, 2002, more than a year later, the IJ denied Dudek's motion to reopen, giving four reasons. First, Dudek failed to file his motion within the period required by NACARA.[1] Alternatively, the IJ held, Dudek had not complied with the threshold requirements for suspension of deportation because "he withdrew his request for political asylum" at the hearing in January 1991 and "agreed to leave the country within 6 months." Third, under the LIFE Act, Dudek "failed to establish statutory eligibility for adjustment since no visa petition has been filed or approved." Finally, the IJ found that even if a visa had been approved, Dudek "does not merit the favorable exercise of discretion" because he failed to comply with the 1991 order of voluntary departure.

Dudek filed a notice of appeal with the BIA. He did not specifically argue that the IJ had erred, but instead made only the following five statements in his notice of appeal:

1) The immigration judge denied respondent's motion to reopen.

2) Since the time of the hearing, a visa petition which had been filed on behalf of the respondent by his United States citizen wife, was approved. The date of the approval was June 6, 2001.

3) Mr. Dudek is now statutorily eligible for adjustment of status.

4) On behalf of the respondent, I will request the immigration service not to oppose a re-opening and remanding of this matter to the immigration court.

5) Pursuant to the holding of Matter of Garcia, the matter should be reopened and remanded.

Dudek also submitted several documents in support of his statements, including a copy of the notice of approval of his visa petition, his wife's certificate of naturalization, and their marriage certificate. Subsequently, "in lieu of a brief," Dudek sent a letter to the BIA "reiterat[ing] the five factual statements" that he listed in his notice of appeal. The BIA summarily affirmed.

Dudek raises two arguments on appeal: (1) the IJ and the BIA abused their discretion by denying his motion to reopen, and (2) he was denied a full and fair hearing on his motion to reopen after he established prima facie eligibility for adjustment of status. Dudek's brief does not explain either argument clearly, but the arguments seem to be related: he argues that he was eligible for adjustment of status based on either his motion to reopen or the documents he submitted for the first time to the BIA on appeal. In any event, he seems to urge that based on his newly approved visa petition he is entitled to a hearing to consider his application to adjust his status.

Because the BIA summarily affirmed without opinion, we will review the IJ's decision as the final agency determination. *Mousa v. INS*, 223 F.3d 425, 428 (7th Cir.2000). We review the denial of Dudek's motion to reopen for an abuse of

---

1. The deadline for filing for relief under NACARA was September 11, 1998. *See* 8 C.F.R. § 1003.43(e)(1); *Useinovic v. INS*, 313 F.3d 1025, 1035 (7th Cir.2002). Dudek did not file his motion until April 2001; thus he was ineligible for relief.

discretion. *Awad v. Ashcroft,* 328 F.3d 336, 341 (7th Cir.2003). Motions to reopen are "strongly disfavored," *Selimi v. Ashcroft,* 360 F.3d 736, 739 (7th Cir.2004) (citing *INS v. Doherty,* 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)), and we will uphold the denial of a motion to reopen "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination," *Awad,* 328 F.3d at 341 (citation and internal quotation omitted).

The IJ denied Dudek's motion to reopen under the LIFE Act for two reasons: (1) Dudek failed to submit the necessary documents to show that he was statutorily eligible to adjust his status, and (2) as a matter of discretion, due to Dudek's failure to voluntarily depart under the terms of the 1991 deportation order. On appeal Dudek challenges only the IJ's first reason for denying his motion and does not challenge the IJ's discretionary denial. Similarly, Dudek did not challenge the IJ's discretionary denial in his notice of appeal to the BIA. At best, Dudek challenged only the IJ's finding that he was statutorily ineligible to adjust his status. Because Dudek did not exhaust his administrative remedies with regard to the IJ's discretionary denial of his motion to reopen, we lack jurisdiction to consider whether the IJ abused his discretion. *See Awad,* 328 F.3d at 340.

Because the IJ's independent discretionary decision to deny Dudek's motion to reopen still stands, we decline to address Dudek's arguments regarding his statutory eligibility for relief.

Accordingly, we DENY Dudek's petition for review.